UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cole Rongved,<br><br>Petitioner,<br><br>v.<br><br>B. Birkholz, Warden of Federal Prison Camp Duluth; and Michael Carvajal, Director of the Federal Bureau of Prisons, in their official capacities,<br><br>Respondents. | Case No. 21-cv-1644 (MJD/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Cole Rongved's Petition for writ of habeas corpus ("Petition"). [Docket No. 1].

Upon commencing this habeas corpus action, Petitioner was notified of two problems with his submission. First, Petitioner did not pay the filing fee for this matter or apply for in forma pauperis ("IFP") status. Accordingly, the Clerk of Court notified Petitioner on July 16, 2021, that he would be required to submit the filing fee or an IFP application, failing which this matter could be summarily dismissed without prejudice. (See, Letter [Docket No. 3]). Second, Petitioner did not sign his Petition for a writ of habeas corpus, as required by Rule 11(a) of the Federal Rules of Civil Procedure.

In an Order dated July 21, 2021, Petitioner was ordered to submit an amended and signed habeas petition or to make arrangements with the Clerk of Court to sign his original petition. Petitioner was permitted thirty (30) days in which to complete this directive. Petitioner was

forewarned that if he failed to comply with this Court's Order it would be recommended that this action be dismissed without prejudice for failure to prosecute. (See, Order [Docket No. 5]) (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Petitioner has not submitted an amended and signed habeas petition or signed his original petition. Nor has Petitioner paid the filing fee for this matter or applied for IFP status. In fact, Petitioner has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its July 21, 2021, Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: September 1, 2021                    s/Leo I. Brisbois
                                            Hon Leo I. Brisbois
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).